IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| FRANCIS ANTHONY GRANDINETTI, II, | ) ) | CIV. NO. 14-00083 SOM/KSC |
| | ) | ORDER DENYING MOTION FOR |
| Plaintiff, | ) | RECONSIDERATION |
| | ) | |
| vs. | ) | |
| | ) | |
| CALIFORNIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

On February 24, 2014, the court construed this action as brought pursuant to 42 U.S.C. § 1983 and found that Plaintiff had failed to state a claim, had accrued three strikes under 28 U.S.C. § 1915(g), and had failed to allege imminent danger of serious physical injury.  The court dismissed the action without prejudice to Plaintiff's refiling of his claims with concurrent payment of the filing fee.  *See* Doc. No. 4, PageID #9.

Before the court is Plaintiff's Federal Rules of Civil Procedure Rule 59(e) Motion for Reconsideration, Doc. No. 6, and his concurrently filed notice of appeal, Doc. No. 8.  Plaintiff's Motion for Reconsideration is DENIED.

## I.  Jurisdiction to Review the Motion

As a general rule, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed."  *See Natural Res. Def. Council, Inc. v. Sw. Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001).  Federal Rule

of Appellate Procedure 4(a)(4)(B)(I), however, allows a district

court to amend a judgment, even when a notice of appeal has been

filed, in certain situations.   Appellate Rule 4(a)(4)(B)(I)

provides:

> If a party files a notice of appeal after the
> court announces or enters a judgment – but
> before it disposes of any motion listed in
> Rule 4(a)(4)(A) – the notice becomes
> effective to appeal a judgment or order, in
> whole or in part, when the order disposing of
> the last such remaining motion is entered.

*Id*.   Appellate Rule 4(a)(4)(A) identifies a motion to alter or

amend the judgment under Federal Rule of Civil Procedure 59 as

such a motion.   A Rule 59(e) motion must be "filed no later than

28 days after the entry of judgment."   Fed. R. Civ. P. 59(b).

Plaintiff's Rule 59(e) motion for reconsideration is therefore

timely.

Appellate Rule 4(a)(4)(B)(I), however, does not specify

how it operates when a motion for reconsideration is timely filed

concurrently with a notice of appeal.   *See* Fed. R. App. P.

4(a)(4)(B)(i).   The Transmittal Note to the 1993 Amendment to

Appellate Rule 4(a)(4) states that a "notice [of appeal] filed

before the filing of one of the specified motions or after the

filing of a motion but before the disposition of the motion is,

in effect, suspended until the motion is disposed of, whereupon,

the previously filed notice effectively places jurisdiction in

the court of appeals."   Although the Ninth Circuit has not

2

expressly addressed this issue, "recent case law suggests that it would embrace the Advisory Committee's interpretation of Appellate Rule 4(a)(4)." *Yousefian v. City of Glendale*, No. CV 11-03579, 2013 WL 948743, at *1 (C.D. Cal. Mar. 11, 2013) (citing *Crawford v. Kingdom of Saudi Arabia*, No. CV 11-05206, 2012 WL 3638628, at *3 (N.D. Cal. Aug. 22, 2012) (noting that Ninth Circuit held appeal in abeyance pending district court resolution of post-judgment motion filed after notice of appeal but within Rule 4(a)(4)'s 28-day time period)).

The court concludes that it has jurisdiction to consider Plaintiff's motion for reconsideration because his concurrently filed notice of appeal is "in effect, suspended." *See also Miller v. Marriott Int'l, Inc.*, 300 F.3d 1061, 1064 (9th Cir. 2002) ("Under [Appellate] Rule 4(a)(4)(A), the [plaintiffs'] Rule 60(b) motion prevented the [plaintiffs'] notices of appeal from becoming effective until the district court rules on the merits of those motions.").

## II.   **The Motion For Reconsideration is Without Merit**

Plaintiff's Motion makes little sense and is not responsive to the court's reasons for dismissing this action. Plaintiff fails to show that: (1) he was in imminent danger of serious physical injury when he commenced this action; (2) he states a claim relating to his complaints about his transfer from Hawaii; or (3) the court's decision was otherwise incorrect.

Plaintiff fails to "demonstrate reasons why the court should reconsider its prior decision," or "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Hele Ku KB, LLC v. BAC Home Loans Servicing, LP*, 873 F. Supp. 2d 1268, 1289 (D. Haw. 2012).

### III.  <u>Conclusion</u>

Plaintiff's Motion for Reconsideration is DENIED.  The court will take no further action on any documents Plaintiff files in this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 31, 2014.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

*Grandinetti v. Calif.*, 1:14-cv-00083 SOM; psa 2014 RECON; J:\Denise's Draft Orders\SOM\Grandinetti 14-83 SOM (R59 & NOA).wpd